HARVEY RAY JOHNSON *v.* STATE OF ARKANSAS

5570                                    464 S. W. 2d 611

Opinion delivered March 15, 1971

*W. Q. Hall,* for appellant.

*Ray H. Thornton, Jr.,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Harvey Ray Johnson, appellant herein, was convicted of the crime of assault with intent to kill and, in accordance with the verdict of the jury, sentenced to ten years imprisonment. From such judgment, Johnson brings this appeal. Only one point is relied upon for reversal, *viz,* "The trial court erred in overruling the defendant's motion to require the prosecution to furnish him copies of the statements of the witnesses (the alleged victim of the assault)." Johnson was charged on July 9, 1970, and on July 16, entered a plea of not guilty. The case was set for trial on September 11. On September 10, counsel for appellant filed an affidavit and motion for production of statements of state witnesses. The affidavit set out that counsel had asked the prosecuting attorney for the names and statements of the witnesses, but had been advised that up until September 9 there were no such statements; that when they were acquired, copies would be furnished appellant's counsel. The affidavit further set forth that the prosecuting attorney had statements from Kermit Smith, the person who was allegedly assaulted, and other witnesses whose names were unknown to appellant or his attorney, and the motion prayed that the prosecuting attorney be directed to make available to appellant and his counsel any statements taken or to permit the making of photostatic copies. The motion was denied, but appellant admits that on that same date, his attorney was furnished with copies of the statements of all witnesses except Kermit Smith, the victim of the shooting.

We do not agree that error was committed. In the first place, there is nothing in the record to indicate that Smith ever made a statement of any nature to the

prosecuting attorney or investigating officers. Smith testified at the trial when the prosecuting attorney presented the state's case, and of course there was opportunity for defense counsel, on cross-examination, to interrogate Smith relative to whether any pre-trial statement had been made by him; this was not done, nor was it contended in the motion for new trial that appellant had discovered subsequent to the trial that Smith had made a statement.

In *Smith* v. *Urban,* 245 Ark. 781, 434 S. W. 2d 283, we held that whether or not a prosecuting attorney in a criminal case must disclose evidence in his possession favorable to the accused depends on many factors and a case by case judgment must be made. Under the circumstances of *Smith* v. *Urban supra,* we held that certain evidence should have been made available to Smith's counsel. However, the evidence referred to was very favorable to the accused, probably the most important evidence that could have been offered in his behalf. In the case before us, the testimony of Smith at the trial is abstracted, and we fail to see where any part of his evidence could be said to be favorable to Johnson. In fact, we would classify it as extremely unfavorable, and there is absolutely no showing that Smith had made any statement, either orally or in writing, contrary to the testimony given on the witness stand. In *Murchison* v. *State,* 249 Ark. 861, 462 S. W. 2d 853, we held that where a motion for a new trial is made on the basis that evidence was suppressed, the primary focus of the inquiry is to determine whether the defendant has been deprived of a fair trial by the unavailability to him of the particular testimony. Here, we do not know what alleged fact or facts supposedly favorable to the accused appellant was deprived of presenting to the jury, and from the record and briefs, it does not appear that he has any particular circumstances in mind.

We find no reversible error.

Affirmed.